# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES BUTZEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 5716 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| MID-STATES EXPRESS, INC., and | ) | |
| MID-STATES EXPRESS, INC. EMPLOYEE | ) | |
| HEALTH PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Defendants, Mid-States Express, Inc., and Mid-States Express, Inc. Employee Health Plan,
move to dismiss or in the alternative to strike Count I of Plaintiffs complaint.

On October 9, 2007, Mr. Butzen filed a two-count complaint against defendants, alleging in
Count I that defendants violated the Employee Retirement Income Security Act ("ERISA"), 29
U.S.C. §1132, by failing to pay covered medical bills. In Count II, the plaintiff alleges that when he
complained about it, the defendants retaliated against him by firing him. The defendants argue that
Count I should be dismissed because it is identical to a claim that has been settled in a related case.
For the following reasons, the motion is denied.

The defendants are correct that there is a related case. The plaintiff is not the only one
complaining about the defendant's failure to pay covered medical bills. There is a class action
pending against them before Judge Kendall – *Smith v. Mid-States Express, Inc.*, 07 CV 3616 –
Count I of which alleges the same thing as plaintiff's Count I here. The defendants say that because
that case has been settled, and because plaintiff is a class member, Count I here must be dismissed
or stricken as moot. That proposition is incorrect.

A class action settlement is contingent upon judicial approval. Fed.R.Civ.P. Rule 23(e) "wisely" requires court approval of the terms of any settlement of a class action. *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986). And it is not a mere rubber stamp – the Seventh Circuit "insist[s] that district courts 'exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions.'" *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006). The requirement of judicial approval protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The motion puts out of view the federal rule and the extensive case law on this issue. Indeed, the motion does not cite a single case, even though the Seventh Circuit "repeatedly ha[s] made clear that perfunctory and undeveloped arguments, and arguments that are not supported by pertinent authority, are waived." *United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 743 (7th Cir. 2007). *Accord R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!*, 462 F.3d 690, 701 (7th Cir. 2006)("The arguments are undeveloped (not a single case is cited, and the brief does not explain why the district judge rules as he did) and forfeited.")(parenthesis in original); *Bretford Mfg., Inc. v. Smith System Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir.2005) ("It is not our job to do the legal research that Bretford has omitted. Claims under state law have been forfeited."); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005).

There has been no approval of the settlement by Judge Kendall. Her order is not to the contrary:

> Continued Settlement conference held on 12/19/2007. Status hearing set for 1/15/2008 at 09:00 AM. Settlement papers to be finalized and stipulations dismissing ERISA claims to be submitted by 1/15/2008. Plaintiff's motion to amend complaint having been granted, defendants are to answer or otherwise plead by 1/15/2008. If a

2

motion is filed, Response will be due by 1/22/2008, Reply due by 1/29/2008. Fact discovery ordered closed by 4/11/2008. Dispositive motions with supporting memoranda due by 5/9/2008. Responses due by 5/30/2008. Replies due by 6/13/2008. Jury Trial set for 10/27/2008 at 09:15 AM. Status hearing set for 4/14/2008 at 09:00.

(07-3616 Dkt. # 36). As of February 12, 2008, the settlement was still not complete. (07-3616 Dkt. # 41). Indeed, the fairness hearing – required for approval under Fed.R.Civ.P. 23(e)(1)(C) – will not even take place until May 12, 2008. (*Id.*). Moreover, even if a settlement is approved in *Smith v. Mid-States Express, Inc.*, the plaintiff will not be bound by it if he chooses to request exclusion from the class. Fed.R.Civ.P. 23(c)(2)(B); *H. L. v. Matheson*, 450 U.S. 398, 433 n.9 (1981).

In short, there has been neither a fairness hearing, judicial approval, nor a settlement. Thus, the motion must be denied. As of February 19, 2008, it appears that the defendants had not even signed the settlement agreement the parties in *Smith v. Mid-States Express, Inc.* were to submit for Judge Kendall. (07-3616 Dkt.#49).

## CONCLUSION

The defendants' Motion to Dismiss or In the Alternative Strike Count I of Plaintiff's Complaint [32] is DENIED.

ENTER:

UNITED STATES MAGISTRATE JUDGE

DATE: 2/25/08

3